JAMES F. McCABE (CA SBN 104686)
JMcCabe@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

NANCY R. THOMAS (CA SBN 236185)
NThomas@mofo.com
SYLVIA RIVERA (CA SBN 223203)
SRivera@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendant
CAPITAL ONE BANK (USA), N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL RUBIO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A. and DOE DEFENDANTS 1-10, et al.,<br><br>Defendant. | Case No. CV 07-06766 ABC (CWx)<br><br>Hon. Carla Woehrle<br><br>**[PROPOSED] ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL DOCUMENTS AND INFORMATION**<br><br>Action Filed: October 18, 2007<br>Discovery Cut-Off:<br>Pretrial Conference:<br>Trial Date: |

**[PROPOSED] ORDER**

Based on the Stipulation Governing the Designation and Handling of Confidential Documents and Information filed by the parties, a copy of which is attached to this Order ("Stipulation"), and good cause appearing therefore,

IT IS HEREBY ORDERED that the Stipulation is approved and entered as an Order of the Court and that the terms of the Stipulation shall have the force and effect of an Order of the Court.

IT IS SO ORDERED.

Dated: January 23, 2012

By _____/s/_____
Honorable Carla Woehrle

# Exhibit A

1  JAMES F. McCABE (CA SBN 104686)
   JMcCabe@mofo.com
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California 94105-2482
   Telephone: 415.268.7000
4  Facsimile: 415.268.7522

5  NANCY R. THOMAS (CA SBN 236185)
   NThomas@mofo.com
6  SYLVIA RIVERA (CA SBN 223203)
   SRivera@mofo.com
7  MORRISON & FOERSTER LLP
   555 West Fifth Street
8  Los Angeles, California 90013-1024
   Telephone: 213.892.5200
9  Facsimile: 213.892.5454

10 Attorneys for Defendant
   CAPITAL ONE BANK (USA), N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL RUBIO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A. and DOE DEFENDANTS 1-10, et al.,<br><br>Defendant. | Case No. CV 07-06766 ABC (CWx)<br><br>**STIPULATION GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL DOCUMENTS AND INFORMATION**<br><br>Hon. Carla Woehrle<br><br>Action Filed: October 18, 2007<br>Discovery Cut-Off:<br>Pretrial Conference:<br>Trial Date: |

## I. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted. Accordingly, the parties hereby stipulate to the following Stipulation Governing the Designation and Handling of Confidential Documents and Information and request that the Court enter this Stipulation as an Order of the Court ("Stipulated Protective Order").

The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Central District Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## II. DEFINITIONS

1. "Material" means any document, data compilation, transcript, or other information in any form provided in connection with this case.

2. "Confidential Material" means Material that is designated as "Confidential" or "Confidential – Subject to Protective Order" in accordance with this order and protected from disclosure under the terms of this order. Confidential Material is material that a party reasonably and in good faith believes contains or discloses confidential, non-public, proprietary, and/or sensitive information such as customer financial information and data, proprietary, competitively-sensitive nonpublic commercial information such as business policies, strategic planning, and competitive analyses, and other competitively sensitive information that is of a

nonpublic nature that was created, received and/or maintained on a confidential basis. Confidential Material includes: a) personal and financial information of Plaintiff or any other individual; b) sensitive customer information such as mailing addresses, account numbers, and account information; c) non-public revenue, cost, sales and financial information, and projections; d) non-public marketing plans; e) pricing information; and f) any other information the Producing Party can demonstrate is sufficiently sensitive that disclosure would reveal business, competitive, proprietary, or financial information of the Producing Party.

3. "Party" or "Parties" means the named parties in this lawsuit.

4. "Producing Party" means a person who produces Material in connection with this case.

5. "Receiving Party" means a person who receives Material in connection with this case.

6. "Designating Party" means a person who designates Material as "Confidential" or "Confidential – Subject to Protective Order" in connection with this case.

7. "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**III. SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Confidential Material but also any information copied or extracted there from, as well as all copies, excerpts, summaries or compilations thereof, plus testimony,

conversations or presentations by parties or counsel that might reveal Confidential Material.

Nothing herein shall impose any restrictions on a Designating Party from disclosing its own Confidential Material as it deems appropriate.

**IV.     DESIGNATING CONFIDENTIAL MATERIAL**

1. The Producing Party must stamp the label "Confidential" or "Confidential – Subject to Protective Order" on each page of Material (other than deposition transcripts) that the Producing Party wants to subject to the protections of this order. If the Material is in an electronic format, and if the Producing Party is unable to print the label on each page of the Material, the Producing Party must instead mark "Confidential" or "Confidential – Subject to Protective Order" on the medium that contains the Material (e.g. the face of the hard drive or disk) if it is possible to do so or, if it is not, mark its container. Other than for internal use, any party that uses hard copy versions of any material produced in electronic form that was not suitable for labeling in the produced format must label the hard copy versions with the confidentiality designation that appeared on the medium or container.

2. A Receiving Party may designate Material produced by a non-party pursuant to a subpoena as "Confidential" or "Confidential – Subject to Protective Order" by producing a properly designated copy of the Material to all Parties within 21 days after the Material is initially produced by the non-party. All Material produced by non-parties in response to subpoenas in this case shall be treated as Confidential Material during that 21-day period.

3. A non-party who produces Material in this case may designate the Material as "Confidential" or "Confidential – Subject to Protective Order" in accordance with this Order and such Material will be protected from disclosure to the same extent as other Confidential Material.

4. Depositions shall be treated as Confidential Material until 21 days after counsel for any Party receives a copy of the transcript. During this 21-day period, any Party may designate parts of the transcript "Confidential" or "Confidential – Subject to Protective Order" by giving written notice to counsel for all Parties of the page(s) and line number(s) of the transcript that are designated and by furnishing a copy of the transcript pages with the appropriate text marked and designated in a way that can be reproduced by photocopying.

5. Regardless of whether Material is designated as "Confidential" or "Confidential – Subject to Protective Order," the protections of this order do not apply to Material that: (a) is or was in the possession of the Receiving Party at the time this lawsuit was filed or comes into the possession of the Receiving Party during this lawsuit other than through discovery or a subpoena; or (b) was acquired by a non-party before this case or is acquired by a non-party during this case, other than pursuant to a confidentiality agreement or a court-imposed confidentiality protective order.

6. Before designating Material as "Confidential" or "Confidential – Subject to Protective Order," the Producing Party must make a good faith determination that: (a) the Material can be subjected to the protections of this order under the previous paragraph, and (b) good cause exists for protecting the Material from disclosure under the standards embodied in Fed. R. Civ. P. 26(c).

7. The inadvertent or unintentional disclosure or failure to designate documents or material as "Confidential" or "Confidential – Subject to Protective Order" shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto. Upon learning of an inadvertent or unintentional disclosure of Confidential Material, the Producing Party shall provide notice to the parties who have received such Confidential Material as to how the information should have been designated and shall thereafter have ten (10) business days to

make the appropriate designation. During this ten-day period, the information may not be used in a manner inconsistent with such notice. Upon receipt of properly re-designated documents, counsel for the Receiving Party shall, within ten (10) business days, either return to counsel for the Producing Party all versions of that information that were not so designated or certify in writing that they have been destroyed.

**V.     DISCLOSING, USING, AND HANDLING CONFIDENTIAL MATERIAL**

1.     Basic Principles: A Receiving Party may use Confidential Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending or attempting to settle this litigation. Such Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of ¶ IX below (FINAL DISPOSITION).

Confidential Material must be stored and maintained by a Receiving Party at a location and in a secure manner ensuring that access is limited to the persons authorized under this Order.

2.     Unless otherwise ordered by the Court or authorized in writing by the Designating Party, Confidential Material and any matter that summarizes, paraphrases or otherwise reveals the substance of Confidential Material only may be disclosed to: (a) the named Parties, including their officers, directors, and employees to whom disclosure is reasonably necessary; (b) the Parties' counsel and their staff, including in-house counsel; (c) the Court and its staff; (d) court reporters engaged to record or transcribe depositions in this case; (e) witnesses in connection with a deposition or hearing in this case; (f) people who are identified as an author or recipient of the Material (other than as a Receiving Party); (g) photocopy, imaging and similar service providers; and (h) Experts (as defined above). Before

being shown any Confidential Material, Experts and witnesses, other than persons described in 2(f), must sign a declaration in the form of Exhibit A stating that the declarant has read this Order, agrees to be bound by it, and submits to the Court's jurisdiction for the purpose of enforcing the Order.

3. Declarations signed under paragraph 2 are not discoverable except upon good cause shown in connection with a bona fide dispute about compliance with this Stipulated Protective Order, upon the signor's disclosure as a testifying expert, or upon the termination of the case.

4. Any Receiving Party may challenge whether Material should be protected under this order by sending the Designating Party written notice of the challenge. In that event, counsel for the Parties shall meet and confer within 10 calendar days of the Designating Party's receipt of that notice and the Designating Party shall thereafter follow the procedure set forth in Central District Local Rule 37 to resolve the dispute. If the Designating Party does not comply with the timeline set forth in Local Rule 37 to file a motion to keep the protections granted by this Order, the Designating Party shall be deemed to have waived such protections. The Designating Party shall bear the burden of establishing that the Material at issue is entitled to protection. The Material retains any protection it has under this Order until the Designating Party agrees to remove the designations or the Court rules on any Joint Stipulation filed in accordance with Local Rule 37.

5. A Receiving Party that is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Material shall immediately notify the Producing Party's counsel of the subpoena in writing by fax or email, affording the Producing Party the opportunity to move to quash the subpoena. Such notification must include a copy of the subpoena or court order. The Producing Party shall have the burden of defending against such subpoena or process. The Party or person receiving the subpoena or process shall, once the Producing Party has received notice and a reasonable opportunity to object, be

entitled to comply with the subpoena except to the extent the Producing Party (i) has a motion or ex parte application pending, and the recipient of the subpoena has not been compelled by court order to produce such documents, or (ii) is successful in obtaining an order modifying or quashing it.

## VI. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Confidential Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

## VII. INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED DOCUMENTS AND INFORMATION

The inadvertent or unintentional disclosure of information subject to a claim of privilege (including work-product immunity) shall not be deemed a waiver in whole or in part of a Producing Party's claim of privilege (including work-product immunity), either as to the specific information disclosed or as to any other information relating thereto. Upon learning of an inadvertent or unintentional disclosure of privileged information, the Producing Party shall provide notice to the parties who have received such information. Within ten (10) business days of the date of that notice, the documents or materials described in that notice shall be returned to counsel for the Producing Party, all copies of such documents or materials shall be destroyed, and any reference to such documents or materials in any other documents or materials shall be expunged. If the Receiving Party intends to challenge the assertion of privilege, it must provide written notice within this ten-day period, explaining the grounds for its challenge. Pending the Court's ruling,

the Party challenging the assertion of privilege shall segregate the affected documents and materials, place them in a sealed envelope and shall not make any use of such information.

### VIII. FILING CONFIDENTIAL MATERIAL

1. Except as identified in the next paragraph, without written permission from the Producing Party or a court order secured after notice to all interested persons, a Party may not file Confidential Material or any information copied or extracted therefrom in the public record in this action. Any Party seeking to file with the Court Confidential Material or any information copied or extracted therefrom shall comply with the provisions of Local Rule 79-5 for filing the Material under seal. The parties shall cooperate in connection with any filing under seal.

2. Any personal, identifying information about any Capital One credit cardholder, including Plaintiff, must be redacted to identify only the cardholder's last name and the last four digits of the credit card account number. Material redacted in this way need not be filed under seal.

### IX. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within 30 days after the final termination of this action, each Receiving Party must either: (i) return all Confidential Material, including any copies, abstracts, compilations or summaries of such Material, and including all such documents in the hands of outside experts or consultants, to counsel for the Party or Non-Party who provided it; or (ii) destroy all such documents and certify in writing that the documents have been destroyed.

Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence and attorney work product even if such materials contain Confidential Material. Any such copies that contain or constitute Confidential Material remain subject to this

Stipulated Protective Order as set forth below. In addition, all restrictions in this Order regarding the use by any person of information or knowledge obtained from Confidential Material shall continue even after such Confidential Materials are returned or destroyed.

## X. BINDING NATURE OF ORDER PRIOR TO ENTRY

All parties to this Stipulated Protective Order shall be bound by its terms pending entry of the Order by the Court.

## XI. PRESERVATION OF RIGHTS AND PRIVILEGES

Nothing contained in this Order shall: (a) affect the right, if any, of any Party or non-party to make any type of objection, claim, or other response to any discovery request, including, without limitation, any interrogatories, requests for admissions, requests for production of documents or questions at a deposition; (b) be construed as a waiver of any legally cognizable privilege to withhold any Confidential Material, or of any right to assert such privilege at any stage of the litigation; or (c) prevent any Party from applying to the Court for relief from this Order, modification of this Order or additional protective orders.

## XII. NO ADMISSION

A Party's compliance with the terms of this Order shall not operate as an admission that any particular document or other information is or is not (i) confidential, (ii) privileged or (iii) admissible in evidence at trial. The Parties retain the right to challenge the use or admissibility of all documents or information exchanged under this Order.

## XIII. DURATION OF THIS ORDER

This Order shall remain in force and effect until modified, superseded or terminated by written consent of all parties or by an Order of the Court. The Court expressly retains jurisdiction to enforce of the provisions of this Order following the final disposition of the litigation.

| | | |
|---|---|---|
| 1 | IT IS SO STIPULATED. | |
| 2 | Dated: January 17, 2012 | MORRISON & FOERSTER LLP |
| 4 | | By: /s/ Nancy R. Thomas |
| 5 | | Nancy R. Thomas |
| 6 | | Attorneys for Defendant CAPITAL ONE BANK (USA), N.A. |
| 8 | | |
| 9 | Dated: January 17, 2012 | KIRTLAND & PACKARD LLP |
| 10 | | By: /s/Behram V. Parekh [with permission] |
| 11 | | Behram V. Parekh |
| 12 | | Attorneys for Plaintiff RAQUEL RUBIO, and all others similarly situated |

10

# EXHIBIT A

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Rubio v. Capital One Bank (USA), N.A.*, Case No. CV07-06766 ABC (CWx).

I agree to comply with and be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order even if such enforcement proceedings occur after termination of this action.

I hereby appoint:

Name:

Address:

Telephone Number:

as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

DATED: _____            _____
                                                                        (Signature)