JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL RUBIO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Capital One Bank (USA), N.A. and DOE DEFENDANTS 1-10, et al.<br><br>Defendant. | Case No. CV 07-06766 ABC (CWx)<br><br>[~~PROPOSED~~] **FINAL JUDGMENT**<br><br>Hon. Audrey B. Collins |

**[PROPOSED] FINAL JUDGMENT**

A Fairness Hearing was held before this Court on April 1, 2013, to consider, among other things, whether the Settlement Agreement (the "Settlement Agreement") between plaintiff Raquel Rubio (the "Class Representative") and defendant Capital One Bank (USA), N.A. ("Capital One") (collectively, the "Parties") represents a fair, reasonable and adequate compromise of the Action, and the amount to be paid to Class Counsel as fees and litigation costs for prosecuting the Action. Having considered the evidence and argument submitted by the Parties, and any objections to the Settlement submitted,

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Final Judgment.

This Court has jurisdiction over the subject matter of this action, the Class Representative, the Settlement Class, and Capital One. Final approval of the settlement, and entry of a final judgment and order of dismissal is hereby **GRANTED**.

The Court finds that the Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel.

The Court finds that the class proposed for purposes of the settlement meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and hereby certifies a settlement class in the Action as follows:

> All natural persons who have or had Capital One credit card accounts with billing addresses in California whose accounts are current, meaning they are not charged off or

          in bankruptcy status, as of the Effective Date, who opened an account with Capital One after October 18, 2003 in response to a solicitation describing any APR as "fixed" in the table of information included in initial disclosures as required by federal law (the "Schumer Box"), and whose fixed APR(s) were later increased for reasons other than default, and who did not opt out of the APR increase after receiving notice.

This Court approves all terms set forth in the Settlement Agreement and the Settlement reflected therein, and finds that such Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Settlement Class Members, and the Parties to the Settlement Agreement are directed to consummate and perform its terms.

The Parties dispute the validity of the claims in this Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate and in the best interests of the Settlement Class Members. Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Settlement Class Members would also face the challenge of surviving an appeal of any class certification order entered in this action, and any other rulings rendered during trial. The relief negotiated by the Parties includes payment of a percentage of the excess of any finance charges assessed at the revised APR(s) over any finance charges calculated using the original fixed APR(s) for all Settlement Class Members as of January 31, 2012, excluding any finance charges assessed at the default APR or credited. Class Counsel has reviewed the Settlement Agreement and finds it in the best interest of the Settlement Class Members. For all of these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as

the tremendous expense associated with it, weigh in favor of approval of the Settlement reflected in the Settlement Agreement.

Any and all objections to the Settlement Agreement, the Service Payment to the Class Representative, and Class Counsel's request for attorneys' fees and costs and expenses have been considered and are hereby found to be without merit and are overruled.

The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class and the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the *res judicata* effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of the settlement; of the identity of Class Counsel and of information necessary to contact Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in this Fairness Hearing. Accordingly, the Court determines that all Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

This Action is dismissed with prejudice, and without costs to any party, except as provided for in the Settlement Agreement and in this Final Judgment.

Having reviewed the submissions of Class Counsel, the Court finds that the sum of $2,500,000 is reasonable compensation for Class Counsel's attorneys' fees and $14,225.64 is a reasonable amount for expenses. Capital One shall pay these sums to Class Counsel within fifteen (15) days of the later of: (1) the Effective

Date; or (2) receipt by counsel for Capital One of Class Counsel's completed W-9 form, in the manner prescribed by section 6.3 of the Settlement Agreement.

Having reviewed the submissions of Class Counsel, the Court finds that the sum of $10,000 is reasonable compensation for the Class Representative's services in this matter. Capital One shall pay this sum to the Class Representative within fifteen (15) days of the later of: (1) the Effective Date; or (2) receipt by counsel for Capital One of the Class Representative's completed W-9 form, in the manner prescribed by section 6.3 of the Settlement Agreement.

Within 45 days of the Effective Date, Capital One and/or the Settlement Administrator shall mail out checks and/or issue credits to Final Settlement Class Members in accordance with sections 5.1 and 5.2 of the Settlement Agreement.

In accordance with section 5.2 of the Settlement Agreement, all settlement checks issued to Settlement Class members shall bear a legend stating that the check is not valid 90 days after the date of issuance. The Settlement Administrator will effect the *cy pres* distribution of the sum of any settlement checks that remain uncashed 90 days after issuance in accordance with section 5.4 of the Settlement Agreement.

Within 30 days of the date when all other obligations set forth in the Settlement Agreement have been completed, the Parties shall jointly file with the Court a notice stating that they have complied with all requirements set forth in the Settlement, the Order of Preliminary Approval of Settlement, and this Final Judgment.

Upon entry of the Final Judgment, each Final Settlement Class Member, other than the Class Representative, and each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, attorneys, agents and assigns, and all those who claim through them or who assert claims on their behalf (including the government in its capacity as parens patriae), will be deemed to have completely released and forever discharged the Released Parties,

and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability for actual or statutory damages, punitive damages, restitution or other monetary relief of any and every kind based on the UCL or TILA, whether known or unknown, suspected or unsuspected, which the Class Representative or any Final Settlement Class Member ever had, now has or may have in the future (1) that relates to or arises out of any or all of the acts, omissions, facts, matters, transactions, or occurrences that were directly or indirectly alleged, asserted, or referred to in the Action; or (2) that are, were, or could have arisen out of or been related in any way to any increase to a fixed APR for reasons other than default for an account opened in response to a solicitation in which the APR was described as "fixed" in the Schumer Box.  However, this paragraph does not release Capital One from its obligations under the Settlement Agreement and does not release Capital One from any claims other than UCL or TILA claims.

      Upon entry of the Final Judgment, the Class Representative and each of her spouse, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, attorneys, agents and assigns, and all those who claim through her or who assert claims on her behalf (including the government in its capacity as parens patriae), will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability for actual or statutory damages, punitive damages, restitution or other monetary relief of any and every kind, including, without limitation, those based on the UCL or TILA, or any other federal, state, or local law, statute, regulation, or common law, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which the Class Representative ever had, now has or may have in the future (1) that relates to or arises out of any or all of the acts, omissions, facts, matters, transactions, or occurrences that were directly or indirectly alleged, asserted, or referred to in the Action; or (2) that are, were, or could have arisen out of or been related in any way

to any increase to a fixed APR for reasons other than default for an account opened in response to a solicitation in which the APR was described as "fixed" in the Schumer Box. However, this paragraph does not release Capital One from its obligations under the Settlement Agreement.

Upon entry of this Final Judgment, the Class Representative and Final Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs, in any proceeding against any Released Party or based on any actions taken by a Released Party that are authorized or required by this Agreement or by the Final Judgment. The Settlement may be pleaded as a complete defense to any proceeding subject to this section.

Neither this Final Judgment nor the Settlement Agreement, nor any of its terms or provisions nor any of the negotiations or proceedings connected with it, shall be: (1) construed as an admission or concession by Capital One of the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind; or (2) construed as an admission by Class Representative or the Settlement Class as to any lack of merit of the claims or this action.

If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Final Judgment and the Order of Preliminary Approval of Settlement shall be deemed vacated and shall have no force and effect whatsoever.

Any person or entity wishing to appeal this Final Judgment shall post a bond with this Court in the amount of $1,000,000 (10 percent of the settlement amount) as a condition to prosecuting the appeal.

Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Judgment, and other matters related or ancillary to the foregoing.

1  The Parties having so agreed, good cause appearing, and there being no just
2  reason for delay, it is expressly directed that this Final Judgment and order of
3  dismissal with prejudice be, and hereby is, entered as a final and appealable order.
4
5  IT IS SO ORDERED.
6  Date:  April 1, 2013_____   *Audrey B. Collins*
7  _____
   HONORABLE AUDREY B. COLLINS
8  UNITED STATES DISTRICT JUDGE